1762.

BAKER
*v.*
FROBISHER.

## Baker *verſ.* Frobiſher.

Rec. 1762.
Fol. 387.

On a Sale of
Goods, there
is an implied
Warranty
that they are
merchantable,
unleſs ſold by
Sample.

FOR ſelling the Plaintiff unmerchantable Soap.(1)
It was ſaid there was no expreſs Warranty at
the Time of the Sale. But 2d Lord Raymond,
1120, was cited *contra.* And *the Juſtices* were of
the Opinion that every Man is bound to ſee his
Goods are merchantable at the Time of Sale. (2)
But Evidence being brought to prove that the Plain-
tiff's Wife, who was the Contractor, ſaw a Sample
of the Soap, the Jury were directed to find Coſts for
the Defendant.

(1) The declaration in this caſe alleged that the defendant, a ſoap-
boiler, "deceitfully contriving to defraud" the plaintiff, delivered him
"unmerchantable ſoap of ſtinking material," and "falſely affirmed the
ſame to be good and merchantable."

(2) The oppoſite doctrine now prevails — all ſuch caſes being held to
be within the principle of *caveat emptor.* *Winsor* v. *Lombard,* 18 Pick.
60. *Mixer* v. *Coburn,* 11 Met. 559. But the rule intimated above
ſeems once to have been aſſumed in Maſſachuſetts. See *Oliver* v.
*Sale,* poſt — *Otis, arguendo :* "The rule of merchandiſe which obliges
the vendor to anſwer for what he ſells without warranty, is confined to
manufactures of the country, which a man muſt be ſuppoſed to know
the quality of."